**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ROBERT L. HOLLEMAN,  ) | |
| ) | |
| Plaintiff,  ) | |
| vs.  ) | No. 1:09-cv-1510-LJM-DML |
| ) | |
| C.A. PENFOLD, et al.,  ) | |
| ) | |
| Defendants.  ) | |

**Entry Discussing Motion for Summary Judgment**

Robert Holleman, an inmate at the Wabash Valley Correctional Facility ("Wabash Valley"), alleges in this civil rights action that the defendants wrongfully reclassified him to a Retherm job in retaliation for taking more than the allotted time to finish his meals, intimidated and harassed him by unnecessarily searching his cell, and prevented him from obtaining law library passes and facility commissary order forms. The defendants seek resolution of Holleman's claim through the entry of summary judgment.[1]

The motion for summary judgment must be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." FED. R. CIV. P. 56(e)(2).

"The primary purpose of summary judgment is to isolate and dispose of factually unsupported claims." *Albiero v. City of Kankakee*, 246 F.3d 927, 932 (7th Cir. 2001). "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996)(citing

---

[1]The defendants' motion to strike as untimely Holleman's response to the defendants' motion for summary judgment (dkt 27) is **denied**. While Holleman's response was late, he filed a letter with the court explaining the delay. The court treats that as a motion for extension of time and **grants** it to the extent that Holleman's response filed on May 4, 2010, is considered timely.

*Anderson,* 477 U.S. at 248). The law applicable to the motion for summary judgment is this: The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). This requirement is intended to serve the dual purpose of affording "prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into courtl[,]" and to improve the quality of inmate suits filed through the production of a "useful administrative record." *Jones v. Bock,* 549 U.S. 199, 204 (2007) (citations omitted). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter,* 534 U.S. at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *See Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).

Holleman claims that he was wrongly reclassified and improperly harassed. At the time of the events Holleman complains of, there was an administrative remedy process in place at Wabash Valley for each of these complaints.

- First, Wabash Valley had a classification appeal process that permits challenges such as Holleman's reclassification to a Retherm job. The classification appeal process begins when the inmate completes a classification appeal form. If the inmate is appealing an intra-facility issue, he submits his appeal to the facility head for review. Once the inmate submits a classification appeal, a copy of the completed appeal is maintained in his offender packet.

- There is also a grievance process that allows challenges to other prison conditions or treatment. This process requires an inmate to attempt initially to resolve his complaint informally. If his complaint remains unresolved, he is to file a Step 1 grievance with the Grievance Specialist within 20 business days of the event at issue. If the Step 1 grievance is not resolved, the inmate may appeal with a Step 2 grievance to the Facility Grievance Specialist.

Prison authorities have no record of Holleman filing a classification appeal relating to his claim that he was wrongfully reclassified to a Retherm job. Holleman, on the other hand, states that he filed a classification appeal in April of 2008 challenging this classification but never received a response. Based on this record, the court finds an issue of fact regarding whether Holleman exhausted his available administrative remedies with respect to his reclassification.

With respect to Holleman's claims that officers harassed or intimidated him, unnecessarily searched his cell, or prevented him from obtaining law library passes and facility commissary order forms, there is no record that Holleman filed any grievances on these issues. Holleman states that during the time of the events he complains of he had to request grievance forms from unit staff prior to filing a grievance and staff often ignored requests for grievance forms. He says that in March of 2008, he tried to file a grievance regarding retaliation by staff. On March 26, 2008, he wrote a letter to defendant Hale describing on-going retaliation and requesting permission to file a grievance. Holleman did not receive a response to this letter. Then, on March 30, 2008, he sent a formal request to Hale asking to grieve the retaliation and did not receive a response. He further states that in June 2008, he requested a form to grieve his missing commissary orders and was denied a grievance form. He then filed a grievance and received no response. Finally, Holleman states that he filed a grievance regarding the re-searching of his cell in May of 2008, and received no response. Based on this record, the court finds a genuine issue of material fact regarding whether Holleman exhausted his available administrative remedies.

Because genuine issues of material fact exist regarding whether Holleman exhausted his available administrative remedies, the defendants' motion for summary judgment must be **denied.**

## Conclusion

The defendants' motion for summary judgment (dkt 21) is **denied**. The Seventh Circuit has instructed that when exhaustion is contested, the district court is to "conduct [ ] a hearing on exhaustion and permit[ ] whatever discovery relating to exhaustion (and only to exhaustion) he deems appropriate." *Pavey v. Conley*, 528 F.3d 494, 497-98 (7th Cir. 2008). In order to proceed in conformity with this procedure, the parties **may conduct additional discovery** on the issue of exhaustion of administrative remedies. The parties shall complete all such additional discovery and certify their readiness for the required hearing **not later than July 27, 2010.**

**IT IS SO ORDERED.**

Date: 06/22/2010

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Robert L. Holleman
10067
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 1111
Carlisle, IN 47838-1111

akia.haynes@atg.in.gov

david.arthur@atg.in.gov