UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ROBERT L. HOLLEMAN, )
)
        Plaintiff, )
vs. ) No. 1:09-cv-1510-TWP-DML
)
C.A. PENFOLD, et al., )
)
        Defendants. )

**Memorandum of Decision Regarding Defense
of Failure to Exhaust Administrative Remedies**

    For the reasons explained in this Entry, the defendants' affirmative defense that plaintiff Robert Holleman failed to exhaust available administrative remedies prior to filing this lawsuit is **rejected**.

**Discussion**

    Among Holleman's claims in this case are claims that officials at the Wabash Valley Correctional Facility ("Wabash Valley") wrongfully reclassified his prison job, intimidated and harassed him by unnecessarily searching his cell, and prevented him from obtaining commissary orders.[1] The defendants assert that Holleman failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") with respect to these claims and sought summary judgment as to such defense. Because there was a disputed issue of fact, summary judgment was denied. Following the procedures mandated in *Pavey v. Conley,* 544 F.3d 739, 742 (7th Cir. 2008), additional discovery on the failure-to-exhaust defense was authorized and a hearing was conducted on September 16, 2010.[2]

    The disputed questions of material fact requiring resolution through the hearing are whether Holleman filed grievances related to his claims that defendants harassed him by searching his cell and losing his commissary orders and whether he filed a classification appeal related to his claim of being improperly reclassified to a prison job. Holleman contends that he submitted grievances and a classification appeal to his prison counselor

---

[1]Holleman also appeared to claim that prison officials retaliated against him by refusing him library passes, but he stated at the September 16, 2010, hearing that he was not pursuing such a claim in this case.

[2]The parties also filed post-hearing briefs, which the court has considered.

but received no response. Thus, the question here is whether, even though the prison database does not confirm it, Holleman presented a properly filled-out grievance form or classification appeal to an appropriate member of the prison staff to initiate the grievance process and if so, was that step sufficient to exhaust "available" administrative remedies.

The PLRA requires the exhaustion of available administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted). "In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004)(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).

The failure to exhaust as required by the PLRA is an affirmative defense and it is a defendant's burden to prove that a prisoner has not exhausted available administrative remedies. *Jones v. Bock,* 127 S. Ct. 910, 921 (2007)*; Conyers v. Abitz,* 416 F.3d 580, 584 (7th Cir. 2005). The prisoner will be found to have exhausted available administrative remedies if prison officials, ignored, obstructed, or mishandled the grievance filed or sought to be filed by the prisoner. *See Dole,* 438 F.3d at 813 ("Because Dole took all steps necessary to exhaust one line of administrative review, and did not receive instructions on how to proceed once his attempts at review were foiled, in the factual context of this case, he has exhausted his administrative remedies under the PLRA."); *Dale,* 376 F.3d at 656 (vacating a grant of summary judgment on exhaustion grounds where the defendants failed to supply any reason for the plaintiff being refused the necessary forms).

The credible testimony here establishes the following: At the time of the allegations of Holleman's complaint, there was a grievance process in place at Wabash Valley which permitted inmates to challenge conditions of their confinement, including Holleman's claims that officials retaliated against him by unnecessarily searching his cell and preventing him from obtaining facility commissary order forms. There was also a classification appeal process in place at Wabash Valley that permitted inmates to challenge, among other things, prison job assignments. The classification appeal process begins when the inmate completes a classification appeal form. Holleman was acquainted with the classification appeal process and the grievance process and has submitted numerous classification appeals and grievances.

At the end of May 2008, Holleman and his cell mate Ray Milano each submitted commissary orders. Milano received his order, but Holleman did not receive his. Holleman requested a grievance form regarding the lost commissary order. At first, he did not receive a grievance form, but when he did receive a form he filled it out and Milano put the grievance in the counselor's box for him. Also at the end of May 2008, prison staff searched Holleman and Milano's cell twice in one day. Believing that this was done in retaliation for

his action in requesting and submitting a grievance, Holleman filed a grievance dealing with the alleged retaliation. While the prison has no record of these grievances, the court finds that Holleman did file them. Both of these grievances were placed in the unit counselor's box, as is the custom at Wabash Valley for filing grievances. Holleman did not receive a response to either grievance. By placing his grievance in the counselor's box, Holleman initiated the grievance process. Having not received a response to his grievances, he did everything he could do to exhaust his administrative remedies.

The prison has no record of Holleman filing a classification appeal regarding the reclassification of his prison job. The court finds that he filled out a classification appeal form related to the reclassification of his job and placed it in his unit counselor's box as is the custom at Wabash Valley. This was sufficient to initiate the classification appeal process. The grievance process did not include a log, the issuance of a receipt, or similar method of recording the submission of a grievance. Having not received a response, Holleman did everything he could do to exhaust his administrative remedies.

## Conclusion

Based on this evidence, the court finds that Holleman exhausted the administrative remedies available to him by placing grievances regarding the cell searches, the missing commissary orders, and a classification appeal regarding his prison job in his unit counselor's box. Accordingly, the affirmative defense of failure to exhaust administrative remedies is **rejected**.

**IT IS SO ORDERED.**

Date: 10/21/2010

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Robert Holleman
# 10067
Wabash Valley Correctional Facility
6908 Old U. S. Highway 41
P.O. Box 1111
Carlisle, IN 47838

aaron.raff@atg.in.gov

akia.haynes@atg.in.gov

david.arthur@atg.in.gov