**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**


ROBERT L. HOLLEMAN,               )
                                  )
                  Plaintiff,      )
     vs.                          )        No. 1:09-cv-1510-TWP-DKL
                                  )
C.A. PENFOLD, EDWIN BUSS, M. HALE, )
LT. S. KING, LT. L. PETTY, LT. A. PIRTLE,)
OFFICER VAN HORN, AND             )
OFFICER HANCOCK,                  )
                                  )
                  Defendants.     )


**E N T R Y**

Plaintiff Robert Holleman's post-judgment letter dated February 23, 2012 [Dkt 152], asserts error in the disposition of this action and was filed within 28 days from the entry of judgment on the clerk's docket. Accordingly, that letter is treated as a motion pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure. See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time frame contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). Rule 59(e)

"authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)).

Holleman's motion challenges the court's conclusion that he failed to file a *Statement of Material Facts in Dispute* as required by Local Rule 56.1. While it is true that Holleman filed a "Designation of Material Facts in Dispute," that Designation is not "supported by appropriate citations to discovery responses, depositions, affidavits, and other admissible evidence . . . ." as required by the Local Rule. Holleman's response to the motion for summary judgment was inadequate. The consequence of these circumstances is that he conceded the defendants' version of the events. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission.").

In a civil rights action, "the plaintiff bears the burden of proof on the constitutional deprivation that underlies the claim, and thus must come forth with sufficient evidence to create genuine issues of material fact to avoid summary judgment." *McAllister v. Price*, 615 F.3d 877, 881 (7th Cir. 2010). Holleman failed to do so by failing to present evidence to rebut the defendants' evidence that they did not retaliate against him. As the court explained, a mere chronology of events is insufficient. The plaintiff "must show that he has evidence from which a reasonable jury could find that the defendants' knowledge of his protected activity was a substantial or motivating factor in their decision to take an adverse action against him." *Johnson v. Kingston*, 292 F.Supp.2d 1146, 1153 (W.D.Wis. 2003). The question

of motivation, moreover, is a question of fact that turns on evidence. *See Slusher v. N.L.R.B.,* 432 F.3d 715, 726 (7th Cir. 2005); *SCA Tissue N. Am. LLC v. N.L.R.B.*, 371 F.3d 983, 988-89 (7th Cir. 2004). Holleman did not offer and identify evidence from which a reasonable trier of fact could have concluded that the defendants acted with a retaliatory motive. A prisoner must show more than his personal belief that he is the victim of retaliation, *Woods v. Edwards,* 51 F.3d 577, 580 (5th Cir. 1995), yet that is the extent of Holleman's presentation. There was no error of law or of understanding Holleman's claims or the evidentiary record. No new evidence has been offered. Accordingly, Holleman's letter, treated as a motion to alter or amend judgment [Dkt 152], is **denied**. *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006)(ʺAltering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact.ʺ)(citing *Bordelon v. Chicago Sch. Reform Bd. of Trs.,* 233 F.3d 524, 529 (7th Cir. 2000)).

**IT IS SO ORDERED.**

Date: 03/09/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Robert Holleman
# 10067
Wabash Valley Correctional Facility
6908 Old U. S. Highway 41
P.O. Box 500
Carlisle, IN 47838

All Electronically Registered Counsel